IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                ORDER

      v.                                             02-cr-105-bbc-01

DAVID HAMPTON TEDDER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of David Hampton Tedder's supervised release was held on July 22, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Daniel J. Graber. Defendant was present in person and by counsel Mark Arthur Eisenberg. Also present were U.S. Probation Officer Noreen Dona of the Central District of California, defendant's supervising probation officer and Assistant Deputy Chief Probation Officer Paul Reed.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 22, 2003,

following his conviction for the following crimes: conspiracy against the United States to transmit wagering information by wire, in violation of 18 U.S.C. §§ 1084, 371 and 2 (count 1 of the indictment); conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(h) and 2 (count 2); money laundering, in violation of 18 U.S.C. §§ 1957 and 2 (counts 5 and 6); and criminal forfeiture, in violation of 18 U.S.C. § 982. Counts 1, 2, 5, and 6 are Class C felonies. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 60 months on each count with the terms to run concurrently and with a 36-month term of supervised release to follow. On April 6, 2005, the Court of Appeals for the Seventh Circuit vacated the judgment with respect to the term of imprisonment and remanded the case for resentencing. On November 18, 2005, defendant was sentenced to the same sentence previously imposed on August 22, 2003.

Defendant began his term of supervised release on February 28, 2007, in the Central District of California. Defendant violated Standard Condition No. 2 of his supervised release, which requires him to submit a truthful and complete written report each month, when he failed to report any of the following activities to his probation officer:

1. Receiving a check from Unitel, opening a bank account in California in the name of Unitel, depositing the Unitel check in the bank account and issuing a check payable to the clerk of court for the United States District Court for the District of Oregon to pay restitution in a wire fraud case;

2. Becoming employed by The Sussex Group as Director of Marketing;

2

    3.    Using email addresses of davidwithsales@aol.com, dhtedder@aol.com and foreclosuretrusteeexpert.com.;

    4.    Using a post office box in Las Vegas, Nevada;

    5.    Having work addresses at 1601 Dove Street, Newport Beach, California and 4045 S. Buffalo Drive, Las Vegas;

    6.    Obtaining a $45,000 loan from Tom Valade in March 2009, which he paid back with interest in July 2009; and

    7.    Signing a promissory note on December 10, 2009, promising to pay Valade $494,865.54 in five years.

Defendant violated Standard Condition No. 3, which required him to follow the instructions of the probation office, when he continued to see and have business dealings with Bruce Furst, a convicted felon, after he was ordered by his probation officer to have no contact with Furst.

In October 2009, defendant violated Standard Condition No. 9, restricting him from associating with convicted felons, when he had contact with convicted felon Bruce Furst.

Defendant violated Special Condition No. 4, restricting him from self-employment or accepting contract employment with fiduciary responsibilities and restricting him from working in the area of estate planning or asset protection, when he met with representatives of Carrington Recovery Services in California in July 2009 and reached an agreement with Carrington to service a portion of the nonperforming loans purchased in connection with his

3

joint venture with Ojimi Oji Group.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on November 18, 2005, will be revoked.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory term of imprisonment of 3 to 9 months. The statutory maximum sentence to which defendant can be sentenced upon revocation is 24 months on each count, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range. The intent of this sentence is to hold the defendant accountable for his violations and to protect the community.

4

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 18, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one year on each of counts 1, 2, 5, and 6, with the terms to run concurrently, and with 1 year of supervised release to follow.

Defendant is neither a flight risk nor a danger to community at the present time. Accordingly, execution of the sentence is continued until August 24, 2010, when defendant is to report between the hours of 10:00 a.m. and 12 noon to an institution to be designated by further court order. All conditions of supervised release previously imposed remain in effect. If a designation has not been made by August 24, 2010, defendant shall report in person to the U.S. Marshal for the Southern District of California at the same day and time.

Entered this 23d day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge